UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES N. BELSSNER,<br><br>                                      Plaintiff,<br>    v.<br>STATE OF NEVADA, and REGIONAL JUSTICE CENTER,<br><br>                                      Defendants. | Case No. 2:15-cv-00672-APG-PAL<br><br>**ORDER**<br><br>(Mot. to Approve IFP – Dkt. #11)<br>(Mot. Issue Summons – Dkt. #12) |

       This matter is before the Court on *pro se* Plaintiff Charles N. Belssner's Motion for Approval of *In Forma Pauperis* (Dkt. #11) and Motion for Issuance of Summons (Dkt. #12). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

       In a separate screening order entered today, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1. Thus, Mr. Belssner's Motion for Approval of *IFP* (Dkt. #11) is now moot. The decision about whether a person qualifies for IFP status is easy and not generally time consuming. The difficult and time-consuming work for the Court is producing a screening order that decides whether the complaint states a claim, and if not, provides guidance to enable a *pro se* party to cure any noted defects and give an opportunity to file an amended complaint. The Court has hundreds of active cases. Criminal cases have priority and, in the absence of a true emergency,[1] all motions filed in civil cases are processed in the order in which they are filed. Filing duplicate requests like this actually slows the process because it creates more motions that require decisions. In short, Plaintiff must wait his turn.

---

[1] Rule 7-5(d) of the Local Rules of Practice discusses emergency motions. *See also Cardoza v. Bloomin' Brands, Inc.*, No. 2:13-cv-01820-JAD-NJK, -- F.3d ---, 2015 WL 6123192, at \*6–7 (D. Nev. Oct. 16, 2015).

1

In the screening order, the Court found that the Complaint failed to state a valid claim under 42 U.S.C. § 1983 and improperly named the Regional Justice Center as a defendant in this action.  The Court found, however, that Plaintiff stated a colorable claim against the State of Nevada for a violation of as Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.  The Court gave Plaintiff 30 days to file an amended complaint if he believes he can correct the noted deficiencies.  The Court will screen any amended complaint filed and instruct the Clerk of the Court to issue summons to any defendants for which Plaintiff has stated colorable claims.  If Plaintiff chooses not to file an amended complaint, the Court will instruct the Clerk of the Court to issue summons to the State of Nevada and direct Plaintiff to serve the original Complaint.  Summons will only issue in accordance with these directives.  The Motion for Issuance of Summons (Dkt. #12) is denied.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Charles N. Belssner's Motion for Approval of *In Forma Pauperis* (Dkt. #11) is DENIED as moot.

2. Plaintiff's Motion for Issuance of Summons (Dkt. #12) is DENIED.

Dated this 8th day of March, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE