UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES N. BELSSNER,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA,<br><br>　　　　　　　　　　Defendant. | Case No. 2:15-cv-00672-APG-PAL<br><br>**ORDER**<br><br>(Mot. Compel Service – ECF No. 18) |

　　　This matter is before the court on Plaintiff Charles N. Belssner's Motion to Compel Service of Complaint by U.S. Marshal (ECF No. 18). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.

　　　Plaintiff is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Plaintiff commenced this action on March 24, 2015, by filing a complaint in the United States District Court for the Central District of California. The case was subsequently transferred to the District of Nevada. *See* Order (ECF No. 5). Plaintiff received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1. *See* Screening Order (ECF No. 14). Upon an initial screening of the complaint, the court found that Belssner's Complaint (ECF No. 15) stated a claim under Title II of the ADA, 42 U.S.C. § 12132, against Defendant State of Nevada. The court dismissed the remainder of his claims with leave to amend. Mr. Belssner did not file an amended complaint; therefore, the court directed issuance of summons and instructed Mr. Belssner to complete service on or before July 19, 2016, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See* Order (ECF No. 16).

　　　On July 15, 2016, Mr. Belssner filed the current motion asking the court for an order authorizing the U.S. Marshal Service ("USM") to serve the summons and complaint. In cases involving a *pro se* IFP plaintiff, the USM will serve the summons and the complaint upon order

of the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  But the plaintiff is still responsible for providing the USM with information necessary to locate each defendant to be served.  *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995).

Additionally, a court may dismiss an action without prejudice if the summons and complaint are not served on the defendants within 90 days or such further time as ordered by the court.  Fed. R. Civ. P. 4(m); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).  However, Rule 4(m) requires the court to extend the time for service if a plaintiff shows "good cause" for the failure to timely serve the complaint.  Courts must apply considerable leeway when assessing whether a *pro se* plaintiff's failure to comply strictly with time limits such as those established by Rule 4(m) should be excused for good cause.  *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Here, the court finds good cause to extend the service deadline for Defendant until **October 14, 2016**.  The Clerk of the Court will be directed to deliver a copy of the summons and complaint to the USM and to mail Mr. Belssner a blank USM-285 Form along with instructions for completing the form.  If the USM is unable to serve Defendant at the address Mr. Belssner provides and he wishes to have service attempted again, he must file a timely motion specifying a different address or whether some other manner of service should be attempted.  Pursuant to Rule 4(m), Mr. Belssner must comply with this Order by accomplishing service by **October 14, 2016**, and his failure to complete service by that deadline may result in a recommendation to the district judge that this case be dismissed without prejudice.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Charles N. Belssner's Motion to Compel Service of Complaint by U.S. Marshal (ECF No. 18) is GRANTED.

2. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to accomplish service on Defendant is extended until **October 14, 2016**.

2

3. The Clerk of the Court shall deliver a copy of the summons (ECF No. 17) and Complaint (ECF No. 15) to the USM for service, along with a copy of this Order.

4. The Clerk of the Court shall mail Mr. Belssner a blank copy of the USM-285 Form along with instructions for completing the form.

5. Mr. Belssner must promptly deliver to the USM a completed USM-285 Form for Defendant, and the USM will attempt service.

6. If the USM is unable to serve Defendant and Mr. Belssner wishes to have service attempted again, he must timely file a motion specifying a different address or whether some other manner of service should be attempted.

7. Mr. Belssner must comply with this Order by accomplishing service by **October 14, 2016**, and his failure to complete service by that deadline may result in a recommendation to the district judge that this case be dismissed without prejudice.

Dated this 16th day of August, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE