**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHARLES N. BELSSNER, | Case No. 2:15-cv-00672-APG-PAL |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| STATE OF NEVADA, | (ECF No. 22) |
| Defendant. | |

Plaintiff Charles Belssner filed this lawsuit against defendant State of Nevada. Belssner claims the State denied him reasonable accommodations for his hearing and speech impairments during various landlord/tenant lawsuits in state court, in violation of Title II of the Americans with Disabilities Act (ADA). The State now moves to dismiss, arguing most of Belssner's Title II claim is time-barred, the timely allegations do not state a claim, and Belssner did not timely serve the State. I grant the motion to dismiss because most of Belssner's allegations are untimely and his timely allegations fail to allege a plausible Title II claim.[1]

**I. BACKGROUND**

Plaintiff Charles Belssner originally filed this action on March 24, 2015 in the Central District of California. ECF No. 1. The case was transferred to this court about a month later. ECF No. 6. Belssner's complaint was screened, and his claims against the Regional Justice Center were dismissed because that is a building and not an entity capable of being sued. ECF No. 14 at 4-5. Belssner's claims under 42 U.S.C. § 1983 were also dismissed because the State is not a

---

[1] The State also argues Belssner failed to timely serve the complaint. I do not dismiss on this basis because Belssner served the complaint within the time granted by Magistrate Judge Leen. On April 16, 2016, Magistrate Judge Leen ordered that Belssner complete service on or before July 19, 2016. ECF No. 16. After Belssner experienced some difficulties effecting service, Judge Leen extended the time to complete service to October 14, 2016. ECF No. 19. Service was made on the State of Nevada Office of the Attorney General on October 7, 2016. ECF No. 20. Consequently, Belssner served the State within the time granted by the court.

person for purposes of § 1983. *Id.* at 5. However, Belssner's claim under Title II of the ADA was not dismissed because he adequately alleged (1) he was a person with a disability due to his speech and hearing impairments; (2) he was denied a public benefit because he was denied access to the courts; (3) he was denied access to the court because his requests for certain accommodations were denied; and (4) this denial of a benefit was by reason of his disabilities. *Id.* at 6-7. Belssner's Title II claim rests on allegations that he has been a party to numerous landlord/tenant lawsuits in Nevada state court during which he was denied requested accommodations (such as a laptop to communicate with his court reader, an easel, and for the reader to read his opening statement) or where documents were not sent to him.

The State moves to dismiss, arguing that almost all of Belssner's Title II claim is untimely because the underlying state court actions were resolved more than a year before Belssner filed this lawsuit. For those aspects of the claim that are timely, the State argues Belssner has not alleged facts showing he was harmed or that he was denied reasonable accommodations, and the judicially noticeable records of the state court actions show he either prevailed, was given accommodations, or lost for reasons unrelated to the alleged lack of accommodations.

Belssner responds by arguing the failure to grant his requests for accommodations resulted in him recovering less than he was entitled to in various lawsuits. He also states that he has been told that the State of Nevada is a "landlord state," apparently meaning that its laws and/or courts favor landlords. ECF No. 28 at 4-5.

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations

must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

**A. Statute of Limitations**

Belssner does not respond to the State's argument that most of his allegations are time-barred. I therefore grant this portion of the motion as unopposed. *See* LR 7-2(d).

Even if Belssner had opposed, the State is correct that much of the Title II claim is barred by the statute of limitations. "Title II of the ADA does not contain an express statute of limitations." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015). The court therefore borrows the limitations period for the "most analogous state-law claim, so long as it is not inconsistent with federal law or policy to do so." *Id.* (quotation omitted).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Nevada has a similar statutory provision. Under Nevada Revised Statutes § 651.070, "[a]ll persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation, without discrimination or segregation on the ground of . . . disability . . . ." Section 651.090 provides a private right of action for violations of § 651.070. The limitations period for bringing a claim under § 651.090 is "1 year from the date of the act complained of." Nev. Rev. Stat. § 651.120.

Consequently, Belssner had one year from the date of each act of disability discrimination about which he complains to file suit. The State has presented state court records[2] showing that most of the state court lawsuits about which Belssner complains had been closed for more than one year before this complaint was filed, or had no activity out of which Belssner's Title II claim

---

[2] I may consider the state court records without converting the motion to dismiss into one for summary judgment because they are public records subject to judicial notice. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citing Fed. R. Evid. 201).

could arise within one year prior to his complaint being filed. I will not go through each case in detail here. It suffices to refer the parties to the State's brief and accompanying exhibits. Thus, to the extent Belssner's Title II claim is based on an alleged denial of accommodations in any of the following cases, his claim is dismissed with prejudice as untimely:

*Chris Richards v. Keys of Las Vegas*

*Belssner v. Country Club Shadows*

*Belssner v. Boyd Gaming*

*Belssner v. Ron Bell*

*Belssner v. Blom (Case #11E012478)*

*Belssner v. Blom (Case #11C012032)*

*Belssner v. Atlas Group, LLC*

*Atlas Group v. Belssner*

**B. Failure to State a Claim**

The State argues the remaining allegations, even if timely, fail to state a claim because Belssner prevailed in one case, he has not shown how a denial of accommodations harmed him in another case, and his other allegations have nothing to do with the State. Belssner does not respond to the specific allegations the State identifies.

1. *Belssner v. Bobs Autodynamics*

Belssner alleges in the complaint that he prevailed in the *Bobs* action but that he was not given a laptop or easel as requested. ECF No. 15 at 5. The State argues Belssner's Title II claim based on the *Bobs* case should be dismissed because Belssner was provided with an accommodation and he prevailed in that action.

The state court record shows Belssner requested an accommodation and that request was granted in part, although it does not state what was granted and what was denied. ECF No. 22-7. The record also shows Belssner prevailed by obtaining an $80 judgment against Bobs. *Id.*

Absent further factual development, Belssner's complaint does not plausibly allege he was excluded from participation in or denied the benefits of the state court system or that he was

discriminated against on account of his disability by being denied a laptop or easel; some accommodation was provided, he does not identify why that accommodation was insufficient, and he prevailed in the state court case. *See Tennessee v. Lane*, 541 U.S. 509, 531-32, (2004) (stating "Title II does not require States to employ any and all means to make judicial services accessible to persons with disabilities," as it requires "only reasonable modifications that would not fundamentally alter the nature of the service provided" and that would not "impose an undue financial or administrative burden, threaten historic preservation interests, or effect a fundamental alteration in the nature of the service" (quotation omitted)); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (stating that one element of a Title II claim is that the plaintiff was "either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"). However, because it is possible that Belssner could amend to allege facts in support of a Title II claim in relation to these allegations, this portion of his Title II claim is dismissed without prejudice.

2. *Belssner v. Ferranti*

Belssner's complaint alleges that in relation to the *Ferranti* action, he attempted to file a notice of appeal on September 8, 2014, but state court personnel requested a filing fee and a bond, told him he had to file a statement of facts, and that certain forms had to be completed. ECF No. 15 at 7-8. Belssner eventually was able to fill out the forms, prepare the notice of appeal, and pay for the bond, although it required him to walk over two miles in each direction between the library and the court. *Id.* at 8. The State argues that Belssner was granted an accommodation in this case and his notice of appeal was filed late, so he lost the lawsuit for a reason unrelated to his disability.

The state court record shows Belssner requested an accommodation and that request was granted in part, although it does not state what was granted and what was denied. ECF No. 22-10. The state court record shows that Belssner's appeal was denied but it does not state why. *Id.* The case was a small claims action in justice court. *Id.* The final order denying Belssner's objections in justice court was entered on August 14, 2014. *Id.* Belssner filed a notice of appeal on

September 8. *Id.* That is beyond the five-day window for filing appeals from a small claims case in justice court. Justice Ct. R. Civ. P. 98.

Belssner's complaint describes some difficulties he had in getting his notice of appeal filed. Belssner states that he was told a particular form had to be filled out legibly, but he responded that he could not do so due to "tremors." ECF No. 15 at 8. Belssner alleges that at first he was told he could fill out the form online, but then he was told it had to be printed and filled out manually. Belssner alleges he had to walk over two miles to the library to use a typewriter, and then walk back to the courthouse to file the form.

It is unclear from the complaint whether Belssner's tremors relate to a disability such that the failure to provide an accommodation may have violated Title II. The disabilities Belssner identifies in his complaint are hearing and speech related. He also does not allege sufficient facts about what accommodations he requested, what accommodations were denied or granted, why the accommodation given was insufficient, or the nature of the form he was asked to fill out (*i.e.*, was it lengthy such that providing assistance would have been burdensome).

I therefore will dismiss the portion of Belssner's Title II claim based on what occurred during the *Ferranti* case. However, I grant leave to amend to add factual allegations (if they exist) that plausibly would support a Title II claim in relation to his allegations that (1) he was denied reasonable accommodations during the underlying case and (2) he was denied reasonable accommodations in filling out a form required to file his notice of appeal. *See McGary v. City of Portland*, 386 F.3d 1259, 1266-67 (9th Cir. 2004) (explaining that the "crux of a reasonable accommodation claim is a facially neutral requirement that is consistently enforced" that burdens disabled persons "in a manner different and greater than it burdens others, and, therefore, necessitates accommodation" (quotation omitted)). Absent more detailed allegations about Belssner's disabilities, what accommodations were requested in relation to this case, what accommodations were offered and/or provided, and how he was either excluded from participation in or denied the benefits of access to the State's courts (or was otherwise discriminated against by the State), there are no allegations to plausibly support a Title II claim.

### 3. Allegations About Other Cases Not Involving Belssner

Belssner's complaint refers to several actions or incidents that do not appear to be related to his Title II claim against the State. For example, he references that he informed the State Contractors Board and the police about a homeowners association with an unlicensed contractor who embezzled over $1 million. He also references that someone named Kathy Rouse encouraged him to file a motion to rescind an order of summary eviction in relation to Oasis Winds. And he alleges he has attempted to obtain aid from organizations such as Protection & Advocacy Inc. of San Diego, Desert Legal Aid, and the Nevada Disability Advocacy Center, but those organizations have not assisted him. *Id.* at 11. It is unclear what relation, if any, these allegations have to Belssner's Title II claim against the State. To the extent they are meant to form the basis of a Title II claim (as opposed to background or contextual allegations), they are dismissed for failure to plausibly allege the State violated Title II.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant State of Nevada's motion to dismiss **(ECF No. 22) is GRANTED**. Plaintiff Charles Belssner's Title II claim is dismissed with prejudice to the extent it rests on allegations related to the following cases:

*Chris Richards v. Keys of Las Vegas*

*Belssner v. Country Club Shadows*

*Belssner v. Boyd Gaming*

*Belssner v. Ron Bell*

*Belssner v. Blom (Case #11E012478)*

*Belssner v. Blom (Case #11C012032)*

*Belssner v. Atlas Group, LLC*

*Atlas Group v. Belssner*

The remainder of his Title II claim is dismissed without prejudice.

IT IS FURTHER ORDERED that if plaintiff Charles Belssner chooses to amend his complaint to correct the deficiencies identified in this order, he must file an amended complaint

on or before August 14, 2017. Failure to file an amended complaint by that date will result in this case being closed.

DATED this 12th day of July, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE